United States District Court
Southern District of Texas
**ENTERED**
April 14, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD B. STEPP, § § Plaintiff, § VS. § SERGEANT B.S. BOSWELL, *et al.*, § § Defendants. § § § § | CIVIL ACTION NO. 4:19-CV-03862 |

## ORDER

Before the Court is a Motion for Reconsideration filed by Plaintiff Richard B. Stepp ("Plaintiff" or "Stepp") (Doc. No. 63). Defendants filed a response in opposition (Doc. No. 65). The Court, having considered the motion and the applicable law, **DENIES** the Motion for Reconsideration.

On February 23, 2022, this Court granted Defendants' motion for summary judgment in its entirety except for Plaintiff's claim against Defendant Officer James Hauke ("Officer Hauke") in his individual capacity for unlawful pretrial detention in violation of the Fourth Amendment. (Doc. No. 62, at 30).

In his motion for reconsideration, Plaintiff challenges this Court's dismissal of his false-imprisonment claim against Officers Hauke and M. York. (Doc. No. 63, at 3–5). In its order on summary judgment, the Court concluded that Stepp's recovery on a theory of false imprisonment on his controlled substance charge would "necessarily imply" the invalidity of his conviction for drug paraphernalia under the *Heck* doctrine. (Doc. No. 62, at 8–10); *see Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff contends that this Court failed to apply an exception to *Heck*, which allows a claim to proceed even if it would "necessarily imply" the invalidity of a conviction, so long as that conviction has already been invalidated or called into question. (Doc. No. 63, at 4).

Specifically, Plaintiff argues, the 361st District Court of Brazos County, Texas already invalidated his conviction for drug paraphernalia when it granted a motion to suppress filed by Stepp in his subsequent prosecution for possession of a controlled substance. (*Id.* at 4).

As this Court observed in its summary judgment order, Plaintiff pleaded nolo contendere to the offense of possession of drug paraphernalia. (Doc. No. 62, at 8). He did so on July 20, 2017. (Doc. No. 46, Ex. 11). No court had invalidated anything at this point in time. A nolo contendere plea constitutes a "conviction" for *Heck* purposes. *See Hernandez v. Boles*, 184 F.3d 819, at * (5th Cir. 1999) (per curiam) ("The fact that [a] conviction was obtained after [a plea of] no contest is of no importance under *Heck*."). The suppression of evidence at his later prosecution for a separate charge (on July 8, 2019) did not invalidate his conviction for drug paraphernalia, even if both charges arose out of the same search of his vehicle. *See* (Doc. No. 46, Ex. 9, at 43). Stepp's conviction derived from his plea, not from a verdict obtained with supposedly illegal evidence. *See Ove v. Gwinn*, 264 F.3d 817, 823 (9th Cir. 2001). Accordingly, that conviction was, and still is, a legal conviction. "The validity of" Stepp's conviction "does not in any way depend upon the legality of" the search of his vehicle. *Id.* As a result, the Court stands by its prior ruling.

Plaintiff's motion also takes issue with this Court's conclusion that Stepp failed to show that Officer Hauke's search of Stepp's vehicle violated his clearly established Fourth Amendment rights. (Doc. No. 63, at 5–9). Plaintiff contends that, in the context of their conversation, Stepp's consent for Officer Hauke to "look" in his vehicle did not equate to consent to "search" the vehicle (or at least not beyond the steering wheel). This argument is identical to that made in Stepp's summary judgment response. (Doc. No. 51, at 23–25, 27–29). The Court already considered that argument in its order on summary judgment. (Doc. No. 62, at 11–13). Ultimately, the Court concluded that Plaintiff failed to overcome Officer Hauke's qualified immunity defense on the

basis of the Fifth Circuit's decision in *United States v. Rich*, 992 F.2d 502 (5th Cir. 1993). A motion for reconsideration is not a vehicle to "rehash rejected arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005).

Since Stepp fails to present any "manifest error of law or fact" or "newly discovered evidence," the motion for reconsideration is denied. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003).

Signed at Houston, Texas, this 14th day of April, 2022.

Andrew S. Hanen
United States District Judge